# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **DAWN GARNER SMITH,** <br><br>                **Plaintiff,** <br><br>       **v.** <br><br> **OFFICER GARY AUGUSTINE,** <br> **OFFICER MATTHEW BEJGROWICZ,** <br> **OFFICER CHRISTOPHER BURNE,** <br> **UNKNOWN POLICE OFFICERS, and** <br> **the VILLAGE OF ROMEOVILLE,** <br><br>                **Defendants.** | **Case No. 07 C 81** <br><br> **Hon. Harry D. Leinenweber** |

## **MEMORANDUM OPINION AND ORDER**

Before the Court are the bill of costs submitted by Defendants Augustine, Burne, and Bejgrowicz (collectively, the "Individual Defendants") and the Village of Romeoville (the "Village") after the Court granted summary judgment in their favor on February 25, 2009. In the Individual Defendants' bill of costs, they request that Plaintiff Dawn Garner Smith be taxed a total of $25,399.47 in costs pursuant to 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and Local Rule 54.1. The Village separately requests that Plaintiff be taxed a total of $13,724.68 in costs. Plaintiff raises various objections. For the reasons set forth below, the Court grants Defendants' bills of costs in part and orders Plaintiff to pay $21,765.24 to the Individual Defendants and $12,751.34 to the Village.

## I. DISCUSSION

FED. R. CIV. P. 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs - other than attorneys' fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). 28 U.S.C. § 1920 specifies that the following costs may be recovered under Rule 54(d): (1) fees of the clerk; (2) fees for transcripts; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and interpreters.

Rule 54(d) creates a presumption favoring the award of costs to the prevailing party. *Coyne-Delany Co., Inc. v. Capital Development Bd. of State of Ill.*, 717 F.2d 385, 390 (7th Cir., 1983). However, as the Supreme Court has explained, Rule 54(d) does not give a court "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur. . . . [I]tems proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964) (overruled on other grounds). Thus, the Defendants are entitled to recover costs only if the expenses are allowed under 28 U.S.C. § 1920, and the expenses are reasonable, both in amount and necessity to the litigation. *Deimer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 345 (7th Cir., 1995).

Plaintiff raises three objections to Defendants' bills of costs: (1) the Court should not assess any costs before the Court of Appeals rules on Plaintiff's pending appeal; (2) Plaintiff is unable to pay the proposed costs because of her income level and other financial obligations; and (3) various costs listed by Defendants are not properly taxable. The Court addresses the first two objections before turning to a full examination of Defendants' bills of costs.

### A. Plaintiff's Pending Appeal

Plaintiff first contends that the Court should wait to tax costs until after the Court of Appeals rules on Plaintiff's pending appeal because "[b]ills of costs are usually presented after appeals." *Popeil Bros., Inc. v. Schick Elec., Inc.*, 516 F.2d 772, 777 (7th Cir., 1975). However, it is recognized that "a district court may award costs even while the substantive appeal is pending" and costs can later be appealed separately from the merits. *Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1260 (7th Cir., 1994); *see Wielgos v. Commonwealth Edison Co.*, 892 F.2d 509, 511-12 (7th Cir., 1989).

The case on which Plaintiff primarily relies, *Popeil Bros.*, is limited by Plaintiff's other cited case, *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219 (7th Cir., 1988), to circumstances where there is no local rule regarding the time for filing a bill of costs. The Northern District of Illinois now has such a rule. Local Rule 54.1 gives

prevailing parties thirty days from the entry of judgment to file a bill of costs. Here, there is no question that Defendants were the prevailing parties and that they timely filed their bills of costs pursuant to Local Rule 54.1. As such, the Court may properly examine and order the costs to be paid now, rather than waiting for the outcome of Plaintiff's appeal.

**B. Plaintiff's Claimed Inability to Pay Costs**

Plaintiff also claims that she is unable to pay Defendants' costs because of her income level and other financial obligations. Plaintiff cites *Rivera v. City of Chicago*, 469 F.3d 631 (7th Cir., 2006), for the contention that a losing party's claimed inability to pay costs can be enough to overcome the Rule 54(d) presumption and prevent a court from assigning costs. Plaintiff misconstrues the indigency analysis set forth in *Rivera*. *Rivera* requires the court to "make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future" before examining "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case" to determine whether allowing costs is still reasonable. *Rivera*, 469 F.3d at 635 (internal quotation omitted). Thus, under *Rivera*, the court must first determine whether the losing party meets the threshold of indigence before applying the mitigating factors to reduce costs as necessary. *See Rivera*, 469 F.3d at 635; *Vail v. Raybestos Products Co.*, No. 06-544, 2008 WL 3819820, at *3 (S.D.Ind., July 3, 2008).

In the instant case, Plaintiff has failed to make a threshold showing of indigence. There is no reason to believe that she cannot pay costs either now or in the future. Plaintiff's self-described average income is $55,000 per year, and she owns a house and a new car. Furthermore, Plaintiff has submitted no evidence that she expects to lose her job or income at any time in the near future. Plaintiff's claim of financial inability to pay costs simply cannot stand. *See Rivera*, 469 F.3d 631 (rejecting claim of indigency where plaintiff was a single mother of four children with a monthly income of $1,800, no real estate or other assets and no source of child support payments).

**C. Individual Defendants' Bill of Costs**

The Individual Defendants seek a total of $25,399.47 in their bill of costs for the following: (1) $13,058.97 for deposition and transcript fees, (2) $1,864.80 for transcripts of the related criminal trial; (3) $674.40 for attorney travel costs; (4) $6,689.97 for witness and expert witness fees; (5) $1,965.63 for subpoena fees; (6) $429.00 for costs of service; and (7) $716.70 for printing and copying charges. The Court will review each of the claimed costs in turn.

*1. Depositions and Transcripts*

The Individual Defendants request that Plaintiff be taxed $13,058.97 for deposition and transcript fees, including court reporter fees. Plaintiff objects to having to pay the costs for the transcripts of the depositions of Stephans, Taylor, Niebur,

Bodapati, Osuch, Noble, Pleasant, Dipner, Foszs, and Tanner because these depositions yielded no material information and Defendants did not rely on them in preparing their summary judgment motions.

As noted by the parties, taxing costs against the losing party requires the Court to examine whether the amounts requested are reasonable. *Deimer*, 58 F.3d at 345. With respect to depositions, the determination of reasonableness revolves around whether the deposition was reasonably necessary at the time the deposition was taken (or, in this case, when the transcripts were ordered) in light of the facts known at the time. *See, Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir., 2000); *Mother and Father v. Cassidy*, 338 F.3d 704, 712 (7th Cir., 2003). Furthermore, even where a party does not rely on a given deposition in its summary judgment motion, the transcript may still be reasonably necessary so that counsel may have a written record of the deposition rather than relying solely on affidavits and oral statements. *See Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 455 (7th Cir., 1998).

Plaintiff's argument that certain depositions were unnecessary because Defendants did not rely on them in their motions for summary judgment is without merit. Plaintiff disclosed in her Rule 26(a) disclosures the witnesses whose depositions she now claims were unnecessary. It was reasonable for Defendants to depose these witnesses to discover their knowledge of the underlying facts. It was also reasonable for Defendants to order

transcripts of the depositions so that they would have a written record of these witnesses' testimony.

The Individual Defendants claim costs for thirty-one separate depositions within the rates set forth by the Judicial Conference. The Court finds these costs to be reasonable and necessary and taxes them against Plaintiff.

### 2. *Criminal Trial Transcripts*

The Individual Defendants also claim $1,864.80 in costs to obtain transcripts from Plaintiff's criminal trial. Plaintiff cited the trial in her own motion for summary judgment and it is reasonable that Defendants would need access to the same documents that Plaintiff cited. The Individual Defendants claim 592 pages of original criminal trial transcripts at $3.15 per page. These costs are reasonable and taxable. *See Majeske*, 218 F.3d at 825; *Glenayre Electronics, Inc. v. Jackson*, No. 02-256, 2003 WL 21947112, at *2 (N.D.Ill., Aug. 11, 2003).

### 3. *Attorney Travel Costs*

The Individual Defendants claim $674.40 for attorney travel costs in connection with a deposition taken in St. Louis, Missouri. Section 1920 does not permit taxing these costs. The Individual Defendants do not explain why this deposition could not be taken over the telephone or any other reason why travel costs were reasonable and necessary. *See Calderon v. Witvoet*, 112 F.3d 275, 276 (7th Cir., 1997); *McIlveen v. Stone Container Corp.*, 910 F.2d

1581, 1584 (7th Cir., 1990). Accordingly, the Court denies the taxing of these costs.

### *4. Witness Fees*

The Individual Defendants seek $6,689.97 in witness fees, including expert witness fees. Section 1920(3) and Federal Rule of Civil Procedure 26(b)(4) authorize the payment of witness fees, including expert witness fees, and, as discussed above, the appearance of these witnesses at deposition was reasonably necessary. The witness fees sought by the Individual Defendants fall within the range authorized under 28 U.S.C. § 1821 and the Court finds that they are taxable.

### *5. Subpoena Fees*

The Individual Defendants claim $1,965.63 in subpoena fees and rightly point out that subpoena fees are recoverable. *See Gillman v. Crown Equipment Corp.*, No. 95-1914, 1996 WL 556706, at *5 (N.D.Ill., Sept. 26, 1996). However, the Individual Defendants have not provided the Court with sufficient documentation or detail to warrant taxing these costs against Plaintiff. They offer mere totals in support of their subpoena costs, with no page count of the documents each subpoena yielded or the time spent retrieving the documents. Without such detail, the Court is unable to determine whether these costs are reasonable. Accordingly, the Court declines to tax the Individual Defendants' subpoena fees against Plaintiff.

### 6. Cost of Service

The Individual Defendants also claim $429.00 in service fees. Costs of service are recoverable in an amount equal to what the Marshals Service would charge, regardless of whom actually effectuates service. *See Hall v. City of Chicago*, No. 98-4682, 2003 WL 21518536, at *3 (N.D.Ill., July 2, 2003). Under 28 C.F.R. § 0.114, the Marshals Service charges $55.00 per hour plus travel expenses. The request for the subpoena to Resha Taylor and Scott Kenner, for $151.50, breaks down the expenses showing the costs per hour, as well as the travel expenses. However, the charges for Lisa Davis, Samantha Paoletti, and Amtrak lack such detail and cannot stand. The Court holds that only $151.50 service charges for the depositions of Taylor and Kenner are taxable to Plaintiff.

### 7. Copying Fees

Finally, the Individual Defendants request a total of $716.70 for photocopying. Prevailing parties are entitled to fees from copying necessary papers. *See* 28 U.S.C. § 1920. The Individual Defendants are requesting $0.10 per page copied. Courts in this district have found photocopying costs between $0.10 and $0.20 per page to be reasonable. *See Shanklin Corp. v. American Packaging Machinery, Inc.*, No. 95-1617, 2006 WL 2054382, at *4 (N.D.Ill., July 18, 2006). However, the Individual Defendants fail to identify anything actually copied, and maintain only that the copies made were "necessarily obtained" with no indication as to

why.  Without such explanation, the Court cannot grant costs for this request.  *See Shanklin*, 2006 WL 2054382, at *5.

   D. **Defendant Village of Romeoville's Bill of Costs**

Defendant Village of Romeoville seeks a total of $13,724.68 in its Bill of Costs for the following:  (1) $ 6,316.20 for deposition and transcript fees, (2) $317.04 for attorney travel costs to a deposition; (3) $6,378.05 for witness and expert witness fees; (4) $522.55 for subpoena fees; and (5) $190.84 for printing and photocopying charges.  The Court will review each of the claimed costs in turn.

   *1. Deposition and Transcript Fees*

The Village requests $6,316.20 for deposition and transcript fees associated with this case.  Like the Individual Defendants, the Village's requested costs fall within the range authorized by the Judicial Conference.  The Village seeks these costs for witnesses whose testimony was reasonably necessary such as Plaintiff, Plaintiff's Amtrak co-workers, medical personnel who treated Plaintiff, and others who were present during the underlying incident.  Accordingly, the Court finds that these depositions were reasonably necessary and the related costs are taxable.

   *2. Attorney Travel Costs*

The Village also requests $317.04 for costs associated with counsel traveling to St. Louis for a deposition.  While the costs for the deposition itself may be recoverable, travel expenses for

the attorneys are not, as discussed above. The Court declines to tax these travel costs to Plaintiff.

### 3. Witness Fees

The Village requests $6,378.05 in fees for witnesses and expert witnesses. For the reasons stated above, such fees generally are recoverable. However, certain of these fees cannot stand. First, the Village claimed a $40.00 subpoena fee in this section but, similar to the claimed subpoena fees of the Individual Defendants, its claim does not include a sufficient explanation of costs associated with this particular subpoena and, as a result, this fee cannot be taxed to Plaintiff. Second, the Village seeks a fee of $93.75 for "Dynamic Inquiries Services" but provides no further explanation or indication of what this service is. Accordingly, these two fees are excluded and the Court holds that only $6,244.30 for the Village's fees is taxable to Plaintiff.

### 4. Subpoena Fees

The Village also claims $522.55 in subpoena fees in its Bill of Costs. Like the Individual Defendants, the Village makes no effort to break down the fees beyond date and recipient. As explained above, this is insufficient and the Court declines to tax the Village's subpoena fees to Plaintiff.

### 5. Copying Costs

Finally, the Village claims $190.84 in photocopying costs for documents produced in this case and submitted to the Court. The Village provides a comprehensive breakdown of what documents were

copied, in addition to the price per copy.  The Village copied the pages at a cost of $0.13 per page, well below the maximum $0.20 mentioned in *Shanklin*.  *See Shanklin*, 2006 WL 2054382, at *4.  The Court finds the copies and the price reasonable, and properly taxable.

## II.  CONCLUSION

For the reasons stated herein, the Bill of Costs of Defendants Augustine, Burne and Bejgrowicz and Defendant Village of Romeoville are GRANTED IN PART.  The Court orders the Plaintiff to pay the sum of $21,765.24 to Defendants Augustine, Burne and Bejgrowicz and the sum of $12,751.34 to Defendant Village of Romeoville.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　United States District Court

**DATE:** 6/18/2009